**CASE NO. 21-55146**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company

*Plaintiff and Appellant,*

vs.

WELLS FARGO BANK, N.A., Erroneously Sued As Wells Fargo and Company, a Delaware corporation

*Defendant and Appellee.*

---

Appeal From The United States District Court,
Northern District of California, Case No. 2:19-cv-07698-ODW-RAO,
Hon. Otis D. Wright, II

---

**APPELLANT'S BRIEF**

---

KING, HOLMES, PATERNO & SORIANO, LLP
Stephen D. Rothschild, Esq.
1900 Avenue of the Stars, Twenty-Fifth Floor
Los Angeles, California 90067-4506
Telephone: (310) 282-8989
Facsimile: (310) 282-8903

Attorneys for Appellant Grand Bayman Belize, LTD

## DISCLOSURE STATEMENT

Appellant Grand Bayman Belize, Ltd. ("Grand Bayman") is an International Business Company formed under the International Business Companies Act of 1994 of the Republic of Seychelles. Grand Bayman is wholly owned by ECI Finance & Marketing, Ltd., an International Business Company formed under the International Business Companies Act of 1994 of the Republic of Seychelles.

# TABLE OF CONTENTS

**Page**


I. JURISDICTION ....... 1

II. STATEMENT OF ISSUES PRESENTED FOR REVIEW ....... 1

III. CONCISE STATEMENT OF THE CASE ....... 2

A. Facts Relevant to Issues ....... 2

B. Procedural History ....... 3

C. Rulings Presented for Review ....... 3

IV. SUMMARY OF ARGUMENT ....... 5

V. ARGUMENT ....... 6

A. Standard of Review ....... 6

B. The District Court Erred by Failing to Apply Section 11207(a)'s Prohibition Against Paying Wire Transfers When Other Identification Makes the Beneficiary Account Unidentifiable ....... 7

C. The District Court Erred When It Applied the Section 11207(b) exception to section 11207(a), because section 11207(b) Does Not Apply when Other Identification Makes a Beneficiary Account Unidentifiable ....... 7

D. Commercial Code section 11207(b) Does Not Apply Because There Was a Total Disconnect Between "RAD" and the Fraudulent Account Holder's Name, and Other Identification in the Payment Order ....... 12

E. Wells Fargo's San Francisco Branch Payment of the Payment Order to Its New Jersey Branch Was Contrary to the Payment Order, Which Directed Payment to an Account at the San Francisco Branch, Which for Purposes of the Commercial Code is a Separate Bank ....... 15

VI. CONCLUSION ....... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**


*Bailey v. United States*,
516 U.S. 137 (1995) .......... 9

*Hibbs v. Winn*,
542 U.S. 88 (2004) .......... 9

*Lufthansa German Airlines V. Bank of America Nat. Trust*,
478 F.Supp. 1195 (N.D. Cal. 1979) .......... 16

*New South Federal Savings Bank v. Flatbush Federal Savings and Loan Association*,
2002 WL 31413680 (S.D.N.Y. 2002) .......... 13

*Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*,
2017 WL 6539843 (N.D.CA 2017) .......... 12

*Ventura Packers, Inc. v. F/V Jeanine Kathleen*,
305 F.3d 913 (9th Cir. 2002) .......... 6

*Venture Recycling Group, Inc. v. JP Morgan Chase and Co.*,
2019 WL 4543104 (C.D.CA 2019) .......... 13


**State Cases**


117 NW .......... 2

*Corfan Banco Asuncion Paraguay v. Ocean Bank*,
715 So.2d 967 (Fla.App. 1998) .......... 11

*Lawrence v. Bank of America*,
163 Cal.App.3d 431 (1984) .......... 16

*TME Enterprises, Inc. v. Norwest Corp.*,
124 Cal.App.4th 1021 (2004) .......... 12, 13

Wells Fargo Bank, N.A. v. Citizens Bank of Texas, N.A.,
181 S.W.3d 790 (Tex. App. 2005) .......... 14, 15

**Federal Statutes**

28 U.S.C. § 1291 .......... 1

**State Statutes**

California Commercial Code section 11207(a) .......... 11, 12

Commercial Code section 11207(b) .......... 12, 13, 14, 15

Florida Statutes section 670.207(1) .......... 11

**Other Authorities**

6A Hawkland UCC Series § 4A-207:1 .......... 10

U.C.C. § 4A-207(a) .......... 10

## I. JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because it is an appeal of a final order of the United States District Court of the Central District of California, sitting in diversity, granting summary judgment in favor of Defendant/Appellee Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff/Appellant Grand Bayman Belize, Ltd. ("Grand Bayman") timely appealed by filing its notice of appeal within 30 days of the district court's January 26, 2021, order.

## II. STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Does section 11207(a)'s[1] prohibition against paying a wire transfer if the account number, name *"or other identification"* on a Payment order makes a person or an account unidentifiable, apply when wire instructions give an account number, a name *and* an address and the name and address both are different from the name and address in the bank's records, or may the bank disregard the other identification and make payment under section 11207(b)'s exception allowing payment based on the account number alone when the name on the payment order does not match the account holder's name?

[1] Unless otherwise indicated all statutory references herein are to the California Commercial Code.

2. May a bank take advantage of the section 11207(b) exception when there is a complete disconnect between the name on the payment order and the name of the holder of the account referenced in the payment order, and other indicia show that the intended beneficiary was not the holder of that account?

3. May a bank pay a payment order to an account at a different branch from the one the payment order instructs it to direct payment?

These issues were raised in for the District Court in Grand Bayman's opposition to Wells Fargo's motion for summary judgment. (Excerpts 85-99.)

## III. CONCISE STATEMENT OF THE CASE

### A. Facts Relevant to Issues

On October 2, 2018, Grand Bayman submitted a payment order (the "Payment Order") instructing Caye International Bank, Ltd. ("Originator's Bank") to transfer $226,991.45 to its vendor RAD Architecture, Inc. ("RAD"), with a physical address at 117 NW 42 Ave., #CU-2, Miami, Fl 33126, and account number 2849073420. (Excerpts 84.) The Payment Order identified the Beneficiary's bank as Wells Fargo Bank, 420 Montgomery Street, San Francisco, California 94104, Swift: WFBIUS6S, Routing #: 121000248. (*Id.*) On October 5, 2018, Wells Fargo accepted a Payment Order from Citibank, N.A. that contained the same information provided by Grand Bayman. (Excerpts 163.) On October 5, 2018, Wells Fargo deposited the funds into an account opened and held by Julieta

Aquino, with an address of 118 N 1st St, Bergenfield, NJ, 07621-118, opened and held at Wells Fargo Bank, N.A., Dumont Branch, 2 West Madison Avenue, Dumont, New Jersey 07628, with Routing #: 021200025. (Excerpts 79, 169.) The Wells Fargo branch in New Jersey held and maintained account # 2849073420. (*Id.*) The Wells Fargo branch in New Jersey was not identified as the beneficiary's bank or an intermediary bank by Grand Bayman (the Originator) on Grand Bayman's Payment Order. (Excerpts 84.)

### B. Procedural History

Grand Bayman filed its complaint for wrongful payment of wire transfer in Los Angeles Superior Court on May 23, 2018. (Excerpts 197-200.) Wells Fargo removed the action to the United States District Court for the Central District of California on September 5, 2019, based on diversity jurisdiction. (Excerpts 205.) On January 21, 2021, the district court granted summary judgment to Wells Fargo. (Excerpts 3-4, 6-17.)

### C. Rulings Presented for Review

In granting summary judgment the district court relied on section 11207(b) exception to section 11207(a)'s prohibition against paying wire transfers when in the wire instructions "the name, bank account number, *or other identification* of the beneficiary refers to a nonexistent or unidentifiable person or account." (Emphasis added.) The section 11207(b) exception provides that "if wire

instructions reflect *an existing account number and a name different from the holder of the account*, the bank may pay the order in reliance on the account number as long as it does not have actual knowledge of the mismatch." (Emphasis added.) The district court held that, because Wells Fargo did not have actual knowledge of the account number/accountholder mismatch, section 11207(b) permitted it to pay the wire.

The district court did not address that 11207(a) includes "other identification" as information in addition to account numbers and names that can make an account unidentifiable. The section 11207(b) exception does not reference "other identification" and, therefore, does not permit a bank to disregard other identification in addition to an incorrect account holder name that makes an account identifiable. Because the wire instructions in this case included the intended beneficiary's Florida address, which had no tie to the fraudulent account or any other Wells Fargo account, the account to which the address referred was unidentifiable, and the order was not payable under section 11207(a).

In addition, the Payment Order was not payable under both section 11207(a) and 11207(b) because the name and address on the Payment Order bore no similarity to the name and address of the holder of the account on the Payment Order, and because Wells Fargo directed payment the fraudulent account holder's

New Jersey branch in contravention of the Payment Order's direction to pay an account at its San Francisco branch.

## IV. SUMMARY OF ARGUMENT

The district court erred by failing to consider that the section 11207(b) exception to section 11207(a) does not allow a bank to pay a wire transfer when "other identification" makes the beneficiary account or account holder unidentifiable. Section 11207(a) provides that a bank may not pay a wire transfer if the account number, name, or "other identification" renders the account unidentifiable. In this case, both the account holder name and the other identification—its address—bore no similarity to those of the holder of the account to which Wells Fargo paid Grand Bayman's wire transfer. Reliance on section 11207(b) was misplaced, because it allows payment only when the name on a payment order is different from the account holder's name. It does not allow payment when other identification also is different from the account holder's address.

The Commercial Code section permits banks to ignore certain name/account number mismatches in order to facilitate efficient execution of wire transfers. However, that does not mean that it offers payment originators no protections. To the contrary, the "other identification" prong of section 11207(a) is designed to allow originators to include more than just the name and account number of a

beneficiary to assure that the right person is paid. The district court's interpretation ignores the express language of sections 11207(a) and 11207(b) and would deny originators the minimal added protection that the "other identification" element of section 11207(a) provides.

In addition, the Commercial Code requires banks to pay wire transfers to the bank identified in a payment order. As Wells Fargo itself has argued in other litigation, a branch is a separate bank for purposes of the Commercial Code. Here, Grand Bayman's payment order directed payment to a Wells Fargo branch in San Francisco, California, as the beneficiary's bank. Wells Fargo failed to comply with that directive by wrongfully sending payment to its New Jersey branch.

## V. ARGUMENT

### A. Standard of Review

This Court reviews grants of summary judgment *de novo*. Therefore, this Court determines, "viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law," including the trial court's interpretation of a statute. *Ventura Packers, Inc. v. F/V Jeanine Kathleen,* 305 F.3d 913, 916 (9th Cir. 2002).

In the case at bench, the district court erred by disregarding section 11207(a)'s prohibition against paying wire transfers when the wire instructions

contain “other identification” that makes the beneficiary account unidentifiable because, pursuant to that section, the false address in the wire instructions concerning the payment at issue made the beneficiary account unidentifiable.

### B. The District Court Erred by Failing to Apply Section 11207(a)’s Prohibition Against Paying Wire Transfers When Other Identification Makes the Beneficiary Account Unidentifiable

Section 11207(a) provides as follows:

> Subject to subsection (b), if, in a Payment order received by the Beneficiary’s bank, the name, bank account number, ***or other identification of the beneficiary*** refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur.” (Emphasis added.)

It is uncontested that in its Payment Order Grand Bayman provided the beneficiary’s name, account number and **a Florida physical address**. The district court erred because it failed to consider that that “other identification” rendered the account unidentifiable because it did not identify the account number in the Payment Order, which Wells Fargo’s records identified as having a New Jersey address.

### C. The District Court Erred When It Applied the Section 11207(b) exception to section 11207(a), because section 11207(b) Does Not Apply when Other Identification Makes a Beneficiary Account Unidentifiable

Section 11207(b) provides, in pertinent part, as follows:

> (b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and

> number identify different persons, the following rules apply:
>
> (1) … if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.

On its face, section 11207(b) does not encompass payment orders with "other identification" that does not match the account number identified in the orders and nothing in it or the comments to section 11207 suggest that it permits banks to disregard other identification that relates to an unidentifiable account. It is limited to payment orders identifying a name that does not match the beneficiary account holder's name. Because the Payment Order contained "other identification" that did not match the account number, Wells Fargo had to adhere to section 11207(a), not section 11207(b).

The district court's decision rendered the words "other identification" in section 11207(a) superfluous and ignored the Commercial Code drafters' decision to omit them from 11207(b), contrary to the rule against superfluities

> "The rule against superfluities instructs courts to interpret a statute to effectuate all its provisions, so that no part is rendered superfluous. If, as the Director asserts, the term "assessment," by itself, signified the entire taxing plan, the TIA would not need the words "levy" or "collection"; the term "assessment," alone, would do all the necessary work.

*Hibbs v. Winn*, 542 U.S. 88, 101 (2004). See also *Bailey v. United States*, 516 U.S. 137, 146 (1995) ("[w]e assume that Congress used two terms because it intended each term to have a particular, non-superfluous meaning."). If the district court's order is upheld, banks would not have to consider "other identification" in a payment order and originators would be denied the important protection against wrongful payment of payment orders that section 11207(a) expressly provides. The district court's interpretation would mean that no matter what bogus "other identification" a payment order included, section 11207(b)'s account/number-name mismatch exception would always apply, and section 11207(a)'s "other identification" prong would be a nullity. There would be no reason for an originator to provide a correct name and address, as Grand Bayman did in this case, if the bank could ignore them.

The drafters' comments to section 11207 expressly state that an address constitutes "other identification" under section 11207(a) and show why the "other identification" prong was added to protect originators. The third paragraph of comment no. 2 to Section 11207 provides that "[t]he Originator should know the name of the person who is to receive payment and can **further identify that person by an address that would normally be known to the Originator**." (emphasis added). By including "other identification" in section 11027(a) and not in section 11207(b), and by specifically stating in comments that an address

constitutes such other identification and emphasizing the originator's ability to protect against wrongful payments by including the beneficiary's address, the drafters of section 11207 clearly signaled that the purpose of the "other identification" is to protect the originator, and that "other identification" that prevents identification of an account trumps a bank's ability to rely solely on an account number when there is a conflicting name.

That is consistent with leading commentary on the interplay between section 11207(a) and 11207(b), which explained it as follows:

> The requirements of U.C.C. § 4A-207(a) are stated in the disjunctive. ***Thus, if the beneficiary's name in payment order <u>and</u> the bank account number provide an identifiable or known person but "other identification of the beneficiary" refers to a nonexistent or unidentifiable person or account, U.C.C. § 4A-207(a) is literally applicable.*** The express deference in U.C.C. § 4A-207(a) to U.C.C. § 4A-207(b) does not appear to resolve this conundrum. U.C.C. § 4A-207(b) provides rules only for payment orders in which the beneficiary is identified "by both name and an identifying or bank account number" in the instance in which the name and the number identify different persons.
>
> It does not appear that this anomaly in U.C.C. § 4A-207(a) was intended; nonetheless, U.C.C. § 4A-207(a) suggests only one preventive mechanism for avoiding this conundrum: the sender should include no "other identification of the beneficiary" which might "refer … to a nonexistent or unidentifiable person or account." Then U.C.C. § 4A-207(a) would be harmonized with U.C.C. § 4A-207(b) as long as the name and account number refer to the same identifiable person or account. …

(6A Hawkland UCC Series § 4A-207:1, emphasis added.)

Grand Bayman provided the correct name and physical address for the intended beneficiary. Wells Fargo violated section 11207(a) by making payment

to a fraudulent account with which the Florida address was not associated. Wells Fargo may not eviscerate the protections of 11207(a) by relying on the name mismatch as an excuse to ignore the "other identification" mismatch.

In *Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715 So.2d 967 (Fla.App. 1998), the payment request correctly identified the beneficiary but incorrectly identified the beneficiary's account number. Defendant bank argued that reading section 11207(a) in the disjunctive was "highly technical" and "contrary to commercial and practical considerations and common sense," so that it could rely on the correct identification of the beneficiary by name. (*Id.*, at 969.) Construing Florida Statutes section 670.207(1), which is substantively identical to California Commercial Code section 11207(a), the court held as follows:

> Corfan Bank argues that this language is clear and unambiguous, where a name or bank account number, or other identification refers either to a nonexistent or unidentified person or a nonexistent account, the order cannot be accepted. Ocean Bank responds that such a "highly technical" reading of the statute is "contrary to commercial and practical considerations and common sense." ***It suggests that we look to the legislative intent and conclude that the "or" in the statute should be given conjunctive rather than disjunctive effect. We respectfully decline Ocean Bank's invitation to look behind the plain language of the statute and conclude that given its clarity it must be read as written.***

*Id.* at 969 (emphasis added, footnote omitted).

Wells Fargo would require this Court to read "or" in section 11207(a) in the conjunctive, which is not what is says.

In this case the Payment Order directed payment to RAD, which it identified by name and address. RAD's name and address referred to an unidentifiable person, because RAD did not have an account at Wells Fargo, the address on the Payment Order was not associated with the fraudulent account or a Wells Fargo account holder, and RAD's name was completely dissimilar to the fraudulent accountholder's name. Therefore, section 11207(a) precluded acceptance of Grand Bayman's Payment Order.

That is consistent with the Payment Order forms, which require the payee's address. Obviously, the address would not be required unless it constituted further "identification" to be used by banks processing payment orders. Therefore, Wells Fargo could not accept the Payment Order and its payment to the fraudulent account holder was wrongful.

### D. Commercial Code section 11207(b) Does Not Apply Because There Was a Total Disconnect Between "RAD" and the Fraudulent Account Holder's Name, and Other Identification in the Payment Order

Section 11207(b) shields banks from liability for wrongful payment of wires when the mismatch between the named beneficiary and the name of the holder of a fraudulent account is not obvious. See *TME Enterprises, Inc. v. Norwest Corp.*, 124 Cal.App.4th 1021, 1027 (2004) (payment deposited in account of "Vieri Gaines Guadagni" named beneficiary, "Vieri Gaines Guadagni, Trustee fbo McDaniel"); *Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*, 2017 WL 6539843 *1

(N.D.CA 2017) (payment deposited in account of "Grow More of 156000 New Century Drive, Gardena, California 90248," named beneficiary "Grow More, Inc."); *New South Federal Savings Bank v. Flatbush Federal Savings and Loan Association*, 2002 WL 31413680 *2 (S.D.N.Y. 2002) (payment deposited into account of "Femi Gold Ultimate Network," named beneficiary "Femi Gold").

However, banks may not take advantage of the section 11207(b) safe harbor if there is a "complete disconnect between the names." *TME Enterprises, Inc. v. Norwest Corp.*, 124 Cal.App.4th 1021, 1034 (2004). "A 'complete disconnect' is when the designated name and account bear no resemblance to each other and have nothing in common with each other." *Id.*

Wells Fargo argued below that the "complete disconnect" rule applies only when a human processes a payment request, but not where, as Wells Fargo claims here, the transaction was processed electronically. Although the *TME* case involved a manual review, the court did not limit the complete disconnect rule to manual reviews, and Grand Bayman is not aware of any authority that imposes such a limitation. See also *Venture Recycling Group, Inc. v. JP Morgan Chase and Co.*, 2019 WL 4543104 *5 (C.D.CA 2019) (denying motion to dismiss because, *inter alia*, plaintiff alleged total disconnect between beneficiary's name and name on account to which funds paid).

In this case, the complete disconnect between “RAD” and the account holder’s name precludes Wells Fargo from taking refuge under section 11207(b). That disconnection was compounded by the other inconsistent identification—the Florida address, and by the designation of the beneficiary bank as a Wells Fargo San Francisco branch rather than the New Jersey branch where the fraudulent account was held.

Section 11302(a)(1) provides that “[t]he receiving bank is obligated to issue, on the execution date, a payment order complying with the sender’s order and to follow the sender’s instructions … (ii) the means by which payment orders are to be transmitted in the funds transfer.” The Payment Order identified a Wells Fargo San Francisco as the beneficiary’s bank, but Wells Fargo paid the fraudster’s account at a New Jersey branch. As Wells Fargo has argued successfully in other cases, and as the Commercial Code provides, each branch is a separate “bank” for purposes of the Commercial Code. Section 11105(a)(2) (“… [a] branch or separate office of a bank is a separate bank for purposes of this division;” Wells Fargo Bank, N.A. v. Citizens Bank of Texas, N.A., 181 S.W.3d 790, 797 (Tex. App. 2005) (Wells Fargo position that Ohio and Texas branches were separate banks). By misdirecting payment to a different “bank” under the Commercial Code, Wells Fargo violated section 11302. Although section 11302 does not address liability to

originators, that further lapse shows that Wells Fargo failed to adhere to the payment instructions in ways that section 11207(b) did not excuse.

### E. Wells Fargo's San Francisco Branch Payment of the Payment Order to Its New Jersey Branch Was Contrary to the Payment Order, Which Directed Payment to an Account at the San Francisco Branch, Which for Purposes of the Commercial Code is a Separate Bank

Section 11302(a) requires a receiving bank, upon accepting a payment order, to issue a payment order that complies with the originator's payment order. Further, pursuant to section 11209(c), "Acceptance [of a payment] does not occur … if the beneficiary of the payment order does not have an account with the receiving bank.

When the Beneficiary's bank, Wells Fargo's San Francisco branch, instructed Wells Fargo's New Jersey branch to pay the account number, it failed to comply with the Originator's Payment Order and section 11209 because the Originator directed the San Francisco branch to pay the account at the San Francisco branch. The Originator did not instruct the New Jersey branch to pay the beneficiary, nor did the Originator instruct the Beneficiary's bank to instruct the New Jersey branch. The San Francisco and New Jersey branches are separate banks for purposes of the Commercial Code. See section 11105(a)(2) ("… [a] branch or separate office of a bank is a separate bank for purposes of this division"); see also *Wells Fargo Bank, N.A. v. Citizens Bank of Texas, N.A.*, 181

S.W.3d 790, 797 (Tex. App. 2005); *Lawrence v. Bank of America*, 163 Cal.App.3d 431, 434-35 (1984); *Lufthansa German Airlines V. Bank of America Nat. Trust*, 478 F.Supp. 1195, 1198 (N.D. Cal. 1979). Accordingly, Wells Fargo wrongfully paid the Payment Order.

## VI. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Grand Bayman's opposition to Wells Fargo's motion for summary judgment, this Court should reverse the district court's grant of summary judgment.

DATED: July 26, 2021

KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Stephen D. Rothschild*
STEPHEN D. ROTHSCHILD
Attorneys for Appellants, Grand Bayman Belize, LTD

## STATEMENT OF RELATED CASES

Grand Bayman is not aware of any related cases pending before the Court.

DATED: July 26, 2021

KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Stephen D. Rothschild*

STEPHEN D. ROTHSCHILD

Attorneys for Appellants, Grand Bayman Belize, LTD

**CERTIFICATE OF COMPLIANCE PURSUANT TO**

**FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1**

Pursuant to Fed. R. App. P. 32 (a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 4,224 words.

DATED: July 26, 2021

KING, HOLMES, PATERNO &
SORIANO, LLP

By: */s/ Stephen D. Rothschild*
STEPHEN D. ROTHSCHILD
Attorneys for Appellants, Grand Bayman Belize, LTD

# PROOF OF SERVICE

## Grand Bayman Belize, Ltd. v. Wells Fargo & Company
## Case No. 21-55146

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On July 26, 2021, I served true copies of the following document(s) described as **APPELLANT'S BRIEF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 26, 2021, at Los Angeles, California.

*/s/ Amelia L Booth*
Amelia L Booth

**SERVICE LIST**
**Grand Bayman Belize, Ltd. v. Wells Fargo & Company**
**Case No. 21-55146**

| | |
|---|---|
| Elizabeth C. Farrell, Esq.<br>Severson & Werson<br>A Professional Corporation<br>The Atrium<br>19100 Von Karman Avenue, Suite 700<br>Irvine, CA 92612<br>Tel: 949-442-7110<br>Fax: 949-442-7118<br>Email: ecf@severson.com | Attorneys for Defendant Wells Fargo Bank, N.A. |
| Jan T. Chilton, Esq.<br>Severson & Werson<br>A Professional Corporation<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-677-5603<br>Fax: 415-956-0439<br>Email: jtc@severson.com | Attorneys for Defendant Wells Fargo Bank, N.A. |