No. 21-55146

# United States Court Of Appeals For The Ninth Circuit

GRAND BAYMAN BELIZE, LTD.,

*Plaintiff and Appellant,*

vs.

WELLS FARGO BANK, N.A.,

*Defendant and Appellee.*

*Appeal from United States District Court,*
*Central District of California, Case No. 2:19-cv-07698 ODW (RAOx)*
*Hon. Otis D. Wright, II, United States District Judge*

# Supplemental Excerpts of Record

Jan T. Chilton (SBN 47582)
jtc@severson.com
Mark I. Wraight (SBN 228303)
miw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant and Appellee
Wells Fargo Bank, N.A.

## INDEX TO SUPPLEMENTAL EXCERPTS OF RECORD


| Dkt. No. | Title | File Date | Page |
|---|---|---|---|
| 27 | Plaintiff's Statement of Genuine Disputes of Material Fact in Opposition to Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment | 07/27/2020 | 3 |
| 1 | Notice of Removal (without exhibits) | 09/05/2019 | 8 |


07685.2269/15858799.1

KING, HOLMES, PATERNO & SORIANO, LLP
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiff
GRAND BAYMAN BELIZE, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,

Plaintiff,

vs.

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendant.

CASE NO. 19-CV-7698 ODW(RAOx)
Hon. Otis D. Wright, II
Ctrm 5D (1st St.)

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**

[Filed concurrently with Plaintiff's Opposition to Motion for Summary Judgment; Memorandum of Points; and Declarations of Rafael Amuchastegui, Dikka Amuchastegui and Stephen D. Rothschild]

Date: August 10, 2020
Time: 1:30 p.m.
Crtrm.: 5D

Action Commenced: May 23, 2019
Trial Date: October 23, 2020

/ / /

/ / /

/ / /

/ / /

Pursuant to Local Rule 56-2, plaintiff Grand Bayman Belize, Ltd. ("plaintiff") respectfully submits the following statement of genuine disputes of material fact in support of its opposition to defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment.

| **Alleged Uncontroverted Fact** | **Response** |
|---|---|
| 1. On October 5, 2018, Wells Fargo received a wire transfer order from Citibank N.A. ("Citibank") for which Grand Bayman Belize, Ltd. ("Plaintiff") was the originator. The wire transfer order was for $226,991.45 ("Wire Transfer") | Undisputed for purposes of this motion. |
| 2. The Wire Transfer order identified Wells Fargo account x3420 ("Account x3420") as the intended beneficiary account number and listed RAD Architecture, Inc. and Rad [sic] Architecture, Inc.'s address. | Disputed. The Wire Transfer order identified RAD Architecture, Inc. ("RAD") as the intended beneficiary and further identified the intended beneficiary by its Florida address.<br><br>Evidentiary Support:<br>Declaration of Michelle Swirtz in support of the instant motion ("Swirtz Decl."), ¶ 14 and Ex. 1, pp. WF 0018, 19. [DOC 17-2] |
| 3. Wells Fargo processed the Wire Transfer automatically, without human intervention, based on the beneficiary account number alone. | Disputed. The Wire Transfer order required Wells Fargo to send payment to an account with its San Francisco branch routing number, but Wells Fargo sent the funds to an account with a New Jersey branch routing number.<br><br>Evidentiary Support:<br>Declaration of Stephen D. Rothschild ("Rothschild Decl."), Ex. 5; Swirtz Decl., Ex. 1, p. WF 0019, Ex. 3, p. WF 0170. |

| | |
|---|---|
| 4. Specifically, Wells Fargo's Money Transfer System ("MTS") received the Wire Transfer order from FedWire at 7:13:39.08 a.m. (Central Time).<br><br>This step is documented in the MTS audit trail as "5-OCT-2018 07:13:39.08." | Undisputed for purposes of this motion. |
| 5. MTS immediately utilized the "Autoretrieve" function to confirm the beneficiary account number contained in the Wire Transfer order (x3420) was a Wells Fargo account number.<br><br>This step is documented in the MTS audit trail as "*AUTORETRIEVE VLD V name & address – CDT Acct. D." | Undisputed for purposes of this motion. |
| 6. MTS shared the pending Wire Transfer order with an external Wells Fargo application called Global Sanctions Monitoring Operations System ("GSMOS" for screening pursuant to the Office of Foreign Assets Control ("OFAC").<br><br>This step is documented in the MTS audit trail as: "Stop Check msg routed to EXTERNAL STOP SERVER 5-OCT-2018 07:13:42.60" and "8MRSTOP/*MR/MAP/ /5/$$$FED." | Undisputed for purposes of this motion. |
| 7. MTS received confirmation from the GSMOS database that the Wire Transfer order passed OFAC sanctions screening, meaning that the Wire Transfer order was not identified for manual review (which, in any event, would only screen for OFAC | Undisputed for purposes of this motion. |

| | |
|---|---|
| compliance).<br><br>This step is documented as "PASS-POFAC—Passed." | |
| 8. On October 5, 2018 at 7:13:46.50, Account x3420 was credited with $226,991.45.<br><br>This step is documented as: "OPRID: $$$PAY TIME: 5-OCT-2018 07:13:46.50." | Undisputed. |
| 9. On October 5, 2018, when the Wire Transfer order was processed, Wells Fargo did not have actual knowledge that the name of the intended beneficiary in the Wire Transfer order did not match the name of the account holder of Account x3420. | Disputed. Wells Fargo had actual knowledge that the intended beneficiary was RAD, identified both by its name and by its Florida address of 114 NW 42 Ave, Miami, Florida, and actual knowledge that the name of the holder of the account to which it paid the funds was Julieta P. Aquino, with an address of 118 N. 1st St. Bergenfield, NJ 07621.<br><br>Evidentiary Support:<br><br>Swirtz Decl., ¶ 14 and Ex. 1, pp. WF 0018, 19. [DOC 17-2]; Rothschild Decl., Ex. 3, pp. WF 003, 012 and 015. |
| 10. By October 17, 2018, the funds had been withdrawn and Account x3420 closed. | Undisputed. |
| 11. On November 1, 2018, Wells Fargo received a message from Citibank through FedWire requesting the funds be returned. This was the first time Wells Fargo learned about a potential issue with the Wire Transfer. | Disputed. Wells Fargo had actual knowledge that the intended beneficiary was RAD, identified both by its name and by its Florida address of 114 NW 42 Ave, Miami, Florida, and actual knowledge that the name of the holder of the account to which it paid the funds was Julieta P. Aquino, with an address |

| | |
|---|---|
| | of 118 N. 1st St. Bergenfield, NJ 07621.<br><br>Evidentiary Support:<br><br>Swirtz Decl., ¶ 14 and Ex. 1, pp. WF 0018, 19. [DOC 17-2]; Rothschild Decl., Ex. 3, pp. WF 003, 012 and 015. |

DATED: July 27, 2020

KING, HOLMES, PATERNO & SORIANO, LLP

By: /s/ *Stephen D. Rothschild*
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff GRAND BAYMAN BELIZE, LTD.

ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
LOREN W. COE (State Bar No. 273124)
lwc@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as
Wells Fargo & Company, a Delaware corporation)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company,

Plaintiff,

vs.

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.
Hon.
Ctrm.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)**

Action Filed: May 23, 2019
Removal Date: September 5, 2019
Trial Date: None Set

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation) ("Wells Fargo") removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California. Wells Fargo is entitled to removal pursuant to 28 U.S.C. § 1332, based on diversity of citizenship of the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs, as follows:

## I. THE STATE COURT ACTION

1. On May 23, 2019, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Grand Bayman Belize, Ltd. v. Wells Fargo & Company, et al.*, as case number 19SMCV00966 (the "State Court Action"). Wells Fargo was served with the Complaint on May 31, 2019. The Complaint alleges a single cause of action for "wrongful payment of wire transfer."

2. On June 26, 2019, Wells Fargo filed an answer to Plaintiff's Complaint in the State Court Action.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or by Wells Fargo in the State Court Action, including the summons and Complaint and Wells Fargo's Answer, are attached hereto as **Exhibit A**.

## II. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

4. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441. This Court has original

jurisdiction as conferred by 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

**A. Complete Diversity**

5. The Complaint alleges that Plaintiff is a limited liability company organized and existing under the laws of the Republic of Seychelles. Compl., ¶1. However, on August 22, 2019, Plaintiff's counsel clarified in writing during the course of informal discovery concerning Plaintiff's citizenship that Plaintiff is in fact an International Business Company with shareholders holding alienable shares and incorporated under the laws of the Republic of Seychelles with its principal place of business in Belize. Plaintiff is therefore a corporate "citizen[] or subject[] of a foreign state" pursuant to 28 U.S.C. §§ 1332(a)(2), and a citizen of the Republic of Seychelles for removal purposes. *See JP Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) *citing Steamship Co. v. Tugman*, 106 U.S. 118, 121 (1882) ("A 'corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State.' ").

6. Defendant Wells Fargo is a citizen of the State of South Dakota. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Wells Fargo Bank is, and at all relevant times was, a citizen of the State of South Dakota, with its main office in Sioux Falls, South Dakota as set forth in its articles of association. *See Rouse v. Wachovia Mortgage*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located").

7. The only other defendants named in the Complaint are fictitiously named defendants. According to 28 U.S.C. § 1441(b)(1), for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded."

8. Because Plaintiff is a citizen of the Republic of Seychelles and Belize, and Wells Fargo is a citizen of South Dakota, complete diversity of citizenship exists.

**B. Amount In Controversy $75,000**

9. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is simply an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (9th Cir. 2010.)

10. The amount in controversy exceeds $75,000 in this action. As alleged in the Complaint, Plaintiff seeks to recover $226,991.00, plus interest at the legal rate, from Wells Fargo. See Complaint, ¶ 14.

## III. REMOVAL IS TIMELY

11. This notice of removal is timely under 28 U.S.C. 1446(b) and Fed. R. Civ. P. 6(a). Specifically, Wells Fargo discovered the facts necessary to allege complete diversity on August 22, 2019 when Plaintiff stated in writing that it is an International Business Company incorporated under the laws of the Republic of Seychelles with its principal place of business in Belize. Prior to August 22, 2019, Wells Fargo was unable to definitely establish complete diversity.

## IV. SATISFACTION OF 28 U.S.C. §§ 1446(a) and (d)

12. The United States District Court for the Central District of California is the proper venue for the removal. The Superior Court of California for the County of Los Angeles is located within the United States Court for the Central District of California. 28 U.S.C. § 84(c)(2) (listing counties within the Western Division of the Central District of California). Thus, venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. §§ 1446(d), Wells Fargo is filing this notice of removal with this Court, serving a copy of this notice upon Plaintiff's counsel, and filing a copy in the Superior Court of California for the County of Los Angeles.

## V. CONCLUSION

14. Because this civil action presents diversity jurisdiction pursuant to 28 U.S.C. § 1332, Wells Fargo respectfully requests that this Court exercise its removal jurisdiction over this action

DATED: September 5, 2019

SEVERSON & WERSON
A Professional Corporation

By: */s/Loren W. Coe*
LOREN W. COE

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo & Company, a Delaware corporation)

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 15. Certificate of Service for Electronic Filing**

**9th Cir. Case Number(s)** 21-55146

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

| |
|---|
| |

**Description of Document(s)** *(required for all documents)*:

| |
|---|
| Supplemental Excerpts of Record |

**Signature:** */s/ Sandra Chao* **Dated:** August 3, 2021
*(use "*s/[typed name]*" to sign electronically-filed documents)*