**CASE NO. 21-55146**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company

*Plaintiff and Appellant,*

vs.

WELLS FARGO BANK, N.A., Erroneously Sued As Wells Fargo and Company, a Delaware corporation

*Defendant and Appellee.*

---

Appeal From The United States District Court,
Northern District of California, Case No. 2:19-cv-07698-ODW-RAO,
Hon. Otis D. Wright, II

---

# APPELLANT'S REPLY BRIEF

---

KING, HOLMES, PATERNO & SORIANO, LLP
Stephen D. Rothschild, Esq.
1900 Avenue of the Stars, Twenty-Fifth Floor
Los Angeles, California 90067-4506
Telephone: (310) 282-8989
Facsimile: (310) 282-8903

Attorneys for Appellant, Grand Bayman Belize, LTD

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................1

II. WF MISCHARACTERIZES THE PURPOSE OF SECTION 11207 AND RELIES ON "FACTS" THAT ARE NOT IN THE RECORD.............2

III. CONCLUSION........................................................................................4

# TABLE OF POINTS AND AUTHORITIES

**Page(s)**

**Federal Cases**

*Donmar Enters., Inc. v. s. Nat'l Bank*,
828 F.Supp. 1230 (W.D. N.C. 1993) ........................................................3

*New S. Fed. Sav. Bank v. Flatbush Fed. Sav. & Loan. Ass'n*,
2002 WL 31413680 (S.D. N.Y. 2002)......................................................3

*Tzaras v. Evergreen Int'l Spot Trading, Inc.*,
2003 WL 470611 (S.D. N.Y. 2003)..........................................................3

**State Cases**

*Corfan Banco Asuncion Paraguay v. Ocean Bank*,
715 So.2d 967 (Fla.App. 1998)..............................................................3

## I. INTRODUCTION

Appellee Wells Fargo Bank, N.A. ("WF") does not dispute that the Florida address on the wire instructions at issue constituted "other identification," and concedes that no account with that address existed. Instead, WF would have this Court ignore section 11207(a)'s express reference to "other identification" and rule that section 11207's sole purpose is to allow beneficiary banks to process wire transfers electronically as long as they include a beneficiary bank account number.

In fact, the drafters of section 11207 clearly and expressly differentiated between a transfer order that contains "other identification" that refers to a non-existent account under section 11207(a) and a name/account number mismatch under section 11207(b), and section 11207 was intended to protect payment originators as well as banks.

Adopting WF's interpretation would artificially excise the words "other identification" from section 11207(a) and contradict the purpose of that element as expressed in the comments to section 11207—to add some modest protection for originators. WF offers no interpretation of section 11207(a) that would give meaning to the "other identification" prong if, despite the existence of other identification that does not identify an existing account, beneficiary banks still could rely on section 11207(b).

Finally, WF's contention, that the burden of adhering to the express language of section 11207(a) justifies ignoring the words "other identification," is unsupported by any citation to the record and should be disregarded.

## II. WF MISCHARACTERIZES THE PURPOSE OF SECTION 11207 AND RELIES ON "FACTS" THAT ARE NOT IN THE RECORD

While WF is correct that one purpose of section 11207(b) "is to permit the low cost, efficient, automated processing of wire transfers," that is not section 11207's sole purpose. Section 11207 also protects originators. Comment 1 states, "[t]hus, if the beneficiary of a funds transfer is nonexistent or unidentifiable, each sender in the funds transfer that has paid its payment order is entitled to get its money back," confirming that another purpose of the statute is to protect originators against payment to nonexistent accounts.

In this case, there was no account with the "other identification" –the Florida address--stated in the wire instructions. It was not possible to complete the wire transfer because there was no account that existed or could be identified with the Florida address. Section 11207(b)'s "safe harbor" did not apply because it immunizes beneficiary banks when the issue is a name/account number mismatch. The Florida address was not a name/account number mismatch, it was "other identification" that did not identify an existing account.[1]

[1] WF's effort, to dismiss Hawkland's confirmation that "other identification" may make a beneficiary unidentifiable, is misplaced. Hawkland gives an example of

WF's argument, that it could identify the beneficiary by the account number, is incorrect, because there was no account consistent with the Florida address. Moreover, none of the authorities WF cites to support that argument involved identification other than a name and account number. See *Donmar Enters., Inc. v. s. Nat'l Bank*, 828 F.Supp. 1230, 1240 (W.D. N.C. 1993) aff'd, 64 F.3d 944, 950-51 (4th Cir. 1995) (name case); *Tzaras v. Evergreen Int'l Spot Trading, Inc.*, 2003 WL 470611 *2, *5 (S.D. N.Y. 2003) (instructions identified beneficiary account holder; court rejected contention that instruction that funds were to be held for credit to plaintiff made account unidentifiable, because there was at least one identifiable beneficiary; *New S. Fed. Sav. Bank v. Flatbush Fed. Sav. & Loan. Ass'n*, 2002 WL 31413680 *1 (S.D. N.Y. 2002) (name case).

WF's argument, that it should be permitted to ignore the "other identification" prong of section 11207(a) because having to consider it would be "difficult," is not a basis to excise the prong from the statute. Moreover, the argument is based on speculation as to facts which are not in the record.[2] The

---

how the beneficiary can avoid confusion, but in no way suggests that beneficiary banks are not subject to the "other identification" prong. Similarly, that *Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715 So.2d 967 (Fla.App. 1998) concerned an account number does not vitiate the court's confirmation that "or" is disjunctive and that bank claims of inconvenience is not a basis to ignore it, or the fact that "other identification" is not within the section 11207(b) safe harbor.

[2] Similarly, WF's contention, including in footnote 12 of its brief, that there are alternate reasons to include "other identification," makes factual assertions that are not in the record.

argument also is exaggerated. This is not a case where there was some subtle transposition of numbers or letters. In this case, the Florida address on the wire instructions was not a typo incorrectly stating the fraudulent account holder's New Jersey address. The New Jersey and Florida addresses were obviously different.[3]

## III. CONCLUSION

For each of the foregoing reasons, and for each of the reasons stated in appellant's opening brief, appellant respectfully requests that this Court reverse the district court's grant of summary judgment.

DATED: August 24, 2021

KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Stephen D. Rothschild*
STEPHEN D. ROTHSCHILD
Attorneys for Appellants, Grand Bayman Belize, LTD

[3] WF's argument that a routing number is not a bank or bank branch is based on assertions of fact that are not in the record and, therefore, should be disregarded.

**CERTIFICATE OF COMPLIANCE PURSUANT TO**

**FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1**

Pursuant to Fed. R. App. P. 32 (a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 837 words.

DATED: August 24, 2021

KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Stephen D. Rothschild*
STEPHEN D. ROTHSCHILD
Attorneys for Appellants, Grand Bayman Belize, LTD

# PROOF OF SERVICE

**Grand Bayman Belize, Ltd. v. Wells Fargo & Company**
**Case No. 21-55146**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On August 24, 2021, I served true copies of the following document(s) described as **APPELLANT'S REPLY BRIEF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2021, at Los Angeles, California.

*/s/ Amelia L Booth*

Amelia L Booth

**SERVICE LIST**
**Grand Bayman Belize, Ltd. v. Wells Fargo & Company**
**Case No. 21-55146**

| | |
|---|---|
| Elizabeth C. Farrell, Esq.<br>Severson & Werson<br>A Professional Corporation<br>The Atrium<br>19100 Von Karman Avenue, Suite 700<br>Irvine, CA 92612<br>Tel: 949-442-7110<br>Fax: 949-442-7118<br>Email: ecf@severson.com | Attorneys for Defendant Wells Fargo Bank, N.A. |
| Jan T. Chilton, Esq.<br>Severson & Werson<br>A Professional Corporation<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-677-5603<br>Fax: 415-956-0439<br>Email: jtc@severson.com | Attorneys for Defendant Wells Fargo Bank, N.A. |